PER CURIAM.
The appellant-husband appeals a final judgment awarding periodic permanent alimony to the appellee-wife in a dissolution proceeding. The primary thrust of appellant’s argument here is that appellee’s petition for dissolution failed to request permanent alimony, or, alternatively, that appel-lee by her testimony at the final hearing waived an award of permanent alimony, by reason of which appellant was misled into believing that permanent periodic alimony was not an issue to which he needed to respond at the final hearing. We reverse and remand for a rehearing on the award of permanent periodic alimony.
Our review of the evidence, including the financial affidavits filed by both parties, reveals adequate evidence both of the wife’s need for periodic alimony, as well as the husband’s ability to pay. The husband, a railroad conducter, has gross earnings nearly two and one-half times the earnings of the wife, who is a licensed practical nurse. The parties have one child, eleven years of age, custody of whom was awarded to the wife, with provisions made for contribution to her support by the husband.
Despite the adequacy of the evidence to support the challenged award of permanent alimony, we nevertheless must consider the manner in which the case was presented in the trial court in order to resolve the issues raised by appellant. Initially, we note that in the body of the petition, the wife alleged that the marital home should be awarded to her as lump sum alimony in order to enable her to properly support herself and the minor child. The petition also alleged that the husband had sufficient income to- “contribute to the support of petitioner and her minor child,” and that without such support the petitioner and her minor child “will be deprived of the necessities of life.” The concluding paragraph, or prayer for relief, did not specifically refer to alimony, but only generally prayed for equitable division or award of the marital properties to the wife, and “such other relief as the court deems necessary....”
At the final hearing, in response to her attorney’s question as to what she wanted in the way of property or financial awards, the wife answered:
A. I would like to keep the house and custody of my daughter. I don’t want to give up anything in there except the things he asks for. I don’t want any alimony. I want child support for her. (emphasis supplied)
Further along in the proceedings the wife’s attorney propounded the following question to the husband, and received the following answer:
Q. (By Mr. Dedmond) Now, in spite of the fact that your wife, for her own reasons I don’t know, doesn’t want any alimony, don’t you think you are entitled to pay it, you should pay her something to support her? (emphasis supplied)
A. No, sir.
At the conclusion of the testimony the trial judge apparently orally announced his ruling, which we assume, from statements contained in the briefs filed here (although unfortunately no record was made of the *226 trial court’s oral ruling or other discussions at the conclusion of the testimony), included the announcement that an award of $200.00 per month permanent periodic alimony would be made to the wife. The wife’s attorney, subsequent to the final hearing, prepared and filed an amended petition for dissolution of marriage in which permanent alimony was specifically requested. The certificate of service on opposing counsel was dated February 9, 1981, and the clerk’s file mark indicates filing on February 12, 1981. An order was entered by the court granting leave to file the amended pleading on February 12, 1981, the same date on which the final judgment of dissolution was signed by the judge.
Appellant claims that the wife’s attorney’s ex parte application to the court for leave to file the amended petition was improper, and that the court’s award of permanent periodic alimony under the circumstances was justified neither by the original petition nor by the evidence presented at the final hearing, particularly the wife’s testimony, pointed out above, which appellant contends amounts to a waiver of periodic alimony.
We would agree that the attorney’s application to the court subsequent to a final hearing, for the purpose of obtaining an order permitting an amendment to the pleading, without notice to opposing counsel, would be contrary to the Rules of Civil Procedure. We have noted the assertion by the wife’s attorney in her brief to the effect that opposing counsel was made aware at the conclusion of the final hearing that application would be made for amendment of the petition to conform to the evidence. Whether or not this is the case we are unable to determine, since we have no record of what was said by counsel at the conclusion of the testimony. However, we conclude that this procedural error, if it in fact occurred, was harmless, in view of our reading of the original petition, portions of which are above quoted. It appears to. us that the allegations of the original petition were sufficient to place appellant on notice that the award of support or alimony for the wife would be an issue in the case.
A somewhat more difficult question is presented, however, by the wife’s testimony at the final hearing. We agree with appellant’s contention that, taken in isolation, the wife’s statements indicate that she was not seeking periodic alimony payments. Notwithstanding, it is equally plausible, taking into consideration the entire evidence of the case, that what the wife was doing was expressing a preference for an award of her husband’s interest in the marital home, in lieu of periodic alimony. The final judgment did not award her the house, but only granted her its use and occupancy so long as needed for herself and the minor child.
We conclude that the wife’s statements at the hearing did not amount to a waiver of periodic alimony, and that the record otherwise contained ample evidence to justify the trial court’s award of periodic alimony. Notwithstanding, the circumstances are such that we have given serious consideration to appellant’s contention that he was misled into believing that it was unnecessary to present evidence or to defend further against the possibility of a periodic alimony award. In so doing, we have concluded that appellant should be given an opportunity, at a rehearing, to present such evidence and argument in opposition to the periodic alimony award as he may choose. The belated amendment to the petition did not counteract appellee’s testimony which on its face is inconsistent with the award. As a matter of fact, we view the amendment not as “conforming to the evidence,” but contrary to it, in the sense that appellee by her testimony appeared willing to forego an award of permanent periodic alimony.
For the reasons stated, the award of periodic alimony is vacated and the cause is remanded for rehearing. In the event the permanent alimony award is not reinstitut-ed, then the court shall be at liberty to readdress all property and monetary mat *227 ters;[1] provided further, however, in that event appellee shall be entitled to request that any sums accruing as alimony under the judgment appealed be considered as temporary alimony.
REVERSED and REMANDED.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.

. All property and monetary issues in dissolution cases are interrelated and interdependent. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).